US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAY 1 3 2016

DOUGLAS F. YOUNG, Clerk
By _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| KATHERINE HERRERA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-5102 PKH |
| | ) |
| TIFFANY LOWE, Individually and in her | ) |
| Official Capacity; CASSANDRA ALLEN, | ) |
| Individually and in her Official Capacity; | ) |
| MATTHEW MCHUGH, Individually | ) |
| and in his Official Capacity; | ) |
| BENTON COUNTY, ARKANSAS | ) |
| BENTON COUNTY SHERIFF, KELLY | ) |
| CRADDUCK, Individually and in his | ) |
| Official Capacity; | ) |
| THE BENTON COUNTY SHERIFF'S | ) |
| DEPARTMENT | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Katherine Herrera, by and through her attorney, Andrew H. Hatfield of Hatfield Harris, PLLC, and for her Complaint states:

### I. PARTIES, JURISDICTION AND VENUE

1.  This is a civil rights Complaint under 42 U.S.C. § 1983 by the Plaintiff against the Defendants as a result of their use of excessive force and other wrongful acts, occurring in Benton County, Arkansas, on September 22, 2013 and thereafter.

2.  The Individual Defendants are sued both in their individual and official capacities.

3.  At all times relevant to this Complaint, all Individual Defendants were acting under color of law.

4. The County and City Defendants are sued as a result of the Individual Defendants' actions within the course and scope of their authority, as caused by and / or ratified by the entities.

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1343 (a)(3)(4), and § 1367 (a), as Plaintiff seeks damages under 42 U.S.C. § 1983 for the deprivation of his civil rights as secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, the Arkansas Constitution, and other claims which arise out of state law.

6. Venue is proper in the United States District Court for the Western District of Arkansas pursuant to 28 U.S.C.

7. Plaintiff Katherine Herrera is an Arkansas citizen residing at all relevant times in Benton County, Arkansas.

8. Defendant Tiffany Lowe is a deputy of the Benton County, Arkansas Sheriff's Department. At all times relevant to this Complaint, she was acting in her capacity as a deputy of the Benton County, Arkansas Sheriff's Department and was acting under the color of law. She is sued in his individual capacity and in her official capacity as a deputy of the Benton County, Arkansas Sheriff's Department.

9. Defendant Cassandra Allen is a deputy of the Benton County, Arkansas Sheriff's Department. At all times relevant to this Complaint, she was acting in her capacity as a deputy of the Benton County, Arkansas Sheriff's Department and was acting under the color of law. She is sued in his individual capacity and in his official capacity as a deputy of the Benton County, Arkansas Sheriff's Department.

10. Defendant Matthew McHugh is a deputy of the Benton County, Arkansas Sheriff's Department. At all times relevant to this Complaint, she was acting in her capacity as a deputy of the Benton County, Arkansas Sheriff's Department and was acting under the color of law. She is sued in his individual capacity and in his official capacity as a deputy of the Benton County, Arkansas Sheriff's Department.

11. Defendant Kelly Cradduck is a resident of Benton County, Arkansas, and at all relevant times was the Sheriff of Benton County, Arkansas. Cradduck was in charge of the operations and actions of the officers in his employ and others acting in joint law enforcement operations in their official or unofficial mutual aid agreements.

12. Defendant Kelly Cradduck had final authority to make policy for the Benton County Sheriff's Department and has been delegated authority by the County to create or execute a policy or regulation which governs the conduct of law enforcement officers under his control as it relates to arrest and use of force.

13. At all times relevant, Kelly Cradduck was acting under color of law. He is sued in his official and individual capacities.

14. Defendant Benton County, Arkansas is a political subdivision of the State of Arkansas and among its other functions operates and maintains a law enforcement agency known as the Benton County Sheriff's Department. Benton County delegates to the elected Sheriff the responsibility for establishing and implementing policies, procedures, and customs, used by law enforcement officers employed by Benton County in regard to investigations and arrest. Benton County adopts Sheriff Department rules and was at all times relevant charged with the enforcement of those policies and rules.

15. Defendant Benton County Sheriff's Department is a law enforcement agency acting under authority granted by the Defendant Benton County, Arkansas charged with the hiring, supervision, and training of police officers and the establishment and implementation of policies, procedures, and customs used by law enforcement officers employed by the Benton County Sheriff's Department.

16. Upon information and belief, all Defendants waived immunity for civil liability and tort by purchasing liability insurance by contract with an insurance company and / or participation in an insurance risk pool that covers claims asserted in this legal action.

## II. FACTS

17. In the early morning of September 22, 2013, Katherine Herrera was transported to the Benton County, Arkansas Sheriff's Department on a charge of Domestic Battery III. This charge was later dismissed.

18. Upon her intake to the Benton County, Arkansas Sheriff's Department, Katherine Herrera was surrounded by jail staff, due to their inability to remove the rings from one of her fingers. Katherine Herrera was approached by Deputy Lowe and Deputy Allen, who attempted to continue to remove the rings from her finger. Katherine Herrera was then approached by Deputy McHugh who picked Katherine Herrera, still in handcuffs, up off of the ground and slammed her to the ground. Katherine Herrera landed on her head and face and was knocked unconscious, sustaining injuries including fractures, bruises, scrapes and contusions. Deputy McHugh, using the weight of his entire body, applied pressure to the head and neck area of Katherine Herrera, while her rings were removed by the other deputies. Katherine Herrera was then dragged face down into a holding cell. This entire sequence in documented on security camera.

19. As a result of this incident, Katherine Herrera was charged with Assault, 3rd, which was later reduced to Disorderly Conduct.

20. Katherine Herrera suffered various scrapes and bruises, as well as chipped teeth, contusions and cuts to her face and a fractured leg. Katherine Herrera has suffered psychological and emotional damage as a result of the outrageous, deliberate, and malicious actions taken by Defendants.

21. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered physical and emotional injuries.

22. The injuries, damages, and relief which Plaintiff seeks from the Defendants, jointly and severally, under both state and federal law, include, but are not limited to:

    a. Damages for physical pain and suffering of the past, present, and future;

    b. Damages for emotional pain and suffering of the past, present, and future;

    c. Damages for medical expenses of the past, present, and future;

    d. Damages for loss of enjoyment of life of the past, present, and future;

    e. Punitive damages;

    f. Pre and post judgment interest;

    g. Attorneys' fees; and

    h. All such relief, both general and specific, to which she may be entitled.

### III. CAUSES OF ACTION

**A.** **Count 1: Violation of Fourth, Eighth and Fourteenth Amendments**

23. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-22.

24. In committing the acts complained of herein, the Defendants acted jointly and under color of state law to deprive Katherine Herrera of her clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, including but not limited to:

    a. Freedom from the use of unreasonable, unjustified, and excessive force;

    b. Freedom form cruel and unusual punishment; and

    c. Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

25. As a direct and proximate result of the violation of her constitutional rights by the Defendants, Ms. Herrera suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

**B.** **Count 2: Failure to Train and Supervise Law Enforcement Officers**

26. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1-25.

27. The Benton County Sheriff's Department and Sheriff Cradduck are under a constitutional duty to properly train, supervise, and discipline members of their own departments and of the Benton County Sheriff's Department to ensure that joint policing activities are run in a lawful manner, preserving to the citizens of Benton County the rights, privileges, and amenities guaranteed them by the Constitution of the United States and the Arkansas Constitution and the laws of the United States of American and the State of Arkansas.

28. The Benton County Sheriff's Department and Sheriff Cradduck failed in their constitutional duty by permitting, encouraging, tolerating, and knowingly acquiescing to an

official pattern, practice, or custom of its deputies, including defendant deputies, violating the constitutional rights of the public at large, including Ms. Herrera's.

29. The actions of the Individual Defendants complained of herein were unjustified, unreasonable, unconstitutional, excessive, and grossly disproportionate to the actions of Ms. Herrera, if any, and constitute the use of excessive force and unreasonable force and the deprivation of Ms. Herrera's due process protections in violation of the rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

30. Each of the Individual Defendants had a duty to supervise and prevent the other officers at the scene from violating Ms. Herrera's constitutional rights.

31. The Benton County Sheriff's Department and Sheriff Cradduck are directly liable for the violation of the Plaintiff's constitutional rights due to the following policies, practices, or customs which were in effect at the time of this incident and which were the moving force behind the violation of Ms. Herrera's constitutional rights:

    a. Defendants failed to adequately and properly train and educate their officers with respect to procedures to employ when interacting with citizens, including stops, seizures, detentions, and arrests, and the proper use of force, creating an atmosphere where illegal and unconstitutional behavior is tolerated and accepted in deliberate indifference and reckless disregard to the welfare of the public at large, including Ms. Herrera;

    b. Defendants failed to properly supervise and discipline its officers with respect to violations of the Constitution and laws of the State of Arkansas, the Constitution of the United States, and their own policies regarding the

        use of force, creating a pattern, policy, practice, custom, and atmosphere where such illegal and unconstitutional behavior is tolerated, condoned, and accepted in deliberate indifference and reckless disregard to the public at large, including Ms. Herrera;

c. The Defendants failed to adequately monitor and evaluate the performance of their officers and their compliance with the laws and policies, practice and customs with respect to the use of force, with deliberate indifference and reckless disregard to the public at large, including Ms. Herrera;

d. Defendants failed to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including, but not limited to complaints regarding the stop, detention, arrest, and use of force. Thus creating a policy, practice, custom, and atmosphere where such illegal and unconstitutional behavior is ratified, condoned, or approved, in deliberate indifference and reckless disregard to the rights of the public at large, including Ms. Herrera;

e. Defendants are aware that a "code of silence" exists among members of its department where officers will not report misconduct of fellow officers and have failed to take such steps to preclude its existence. As a result of the "code of silence," officers act unconstitutionally without fear of discipline.

32. The Benton County Sheriff's Department and Sheriff Cradduck are liable for the actions of the Individual Defendants by virtue of the fact that they were informed of improper conduct of the Individual Defendants and failed to discipline them, evidencing that the conduct

of the Individual Defendants at the time of the events described herein was in conformity with the existing policies, practices, and customs of these Defendants, and that these Defendants ratified the unlawful acts of the Individual Defendants.

33. Accordingly, these Defendants ratified, condoned, and approved the Individual Defendant officers' conduct in all respects.

34. The lack of training caused the Defendants to use excessive and unlawful force and denied the Plaintiff necessary medical care. Plaintiff was denied rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution..

35. As a direct and proximate result of the foregoing policies, practices, and customs, the Benton County Sheriff's Department and Sheriff Cradduck are responsible for the violations of the constitutional rights by the Defendants which were substantially certain to occur and were moving force behind the violation of Plaintiff's constitutional rights.

C.   **Count 3: Attorney's Fees**

36. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-35.

37. Plaintiff seeks the award of attorneys' fees under state and federal law.

D.   **Count 4: Intentional Infliction of Emotional Distress (Pendant State Claim)**

38. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-37.

39. The Individual Defendants named in this Complaint maliciously and intentionally conspired to deprive Ms. Herrera of her constitutionally protected rights against unreasonable and excessive force, unlawful arrest, false imprisonment, and malicious prosecution, knowing that their actions would cause Ms. Herrera extreme emotional distress.

40. The Individual Defendants' conduct was so extreme and outrageous it shocks the conscious of a decent society that looks to law enforcement to protect and serve and not use the color of law to deprive a citizen of his constitutionally protected rights for no reason, causing physical, psychological, and emotional harm to the citizen.

41. The conduct of the Individual Defendants is so outrageous, malicious, and atrocious, it should not be tolerated by a civilized society of laws.

42. As a result of the outrageous and intentional conduct of the Individual Defendants, Ms. Herrera has been harmed financially and emotionally in ways that have yet to be quantified but will exceed the amount required for federal jurisdiction.

### E. Count 5: Punitive Damages

43. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-42.

44. The conduct of the Defendants was willful, malicious, oppressive and/or reckless and it was of such a nature that punitive damages should be imposed against all Defendants, with the exception of the governmental entities, in an amount commensurate with the wrongful acts alleged herein.

45. As a result of Defendant's reprehensible, malicious, intentional, and reckless conduct, Plaintiff is entitled to an award of punitive damages in an amount to be determined by the jury.

46. Sheriff Cradduck owed Plaintiff the duty to properly and adequately supervise and train all police officers employed by the Benton County Sheriff's Department in the laws of arrest, detentions, and use of force.

47. As alleged herein, Benton County, through the Benton County Sheriff's Department failed to exercise reasonable care and supervision and training of their officers in arrests, detentions, and the use of force.

48. The conduct of the Defendants constitutes a gross negligence in the performance of their duties as police officers owed to Ms. Herrera. At all times relevant to this Complaint, the Individual Defendants were acting in the course and scope of their duties as deputies employed by their respective agencies.

49. The conduct of the Defendants shocks the conscience as an intentional abuse of power.

## IV.  JURY TRIAL DEMAND

50. Plaintiff demands a trial by jury of all issues so triable.

WHEREFORE, Plaintiff Katherine Herrera prays that he be granted judgment against the Defendants in the amounts requested; for punitive damages; for attorneys' fees, costs, and all other just and proper relief.

Respectfully submitted,
Katherine Herrera, Plaintiff

By: _____
Andrew H. Hatfield, #2008216
HATFIELD HARRIS, PLLC
5208 Village Parkway, Suite 9
Rogers, AR 72758
(479) 715-6767, telephone
(479) 715-6839, facsimile
**andrew@hatfieldharris.com**